BEA, J.,
concurring in part and dissenting in part:
I agree with the majority’s reasoning and result as to Decker’s claims 1(B) and 1(F). But instead of remanding claim 1(C) to the district court, I would reverse the district court’s grant of habeas relief on this claim as well. The record shows that the trial judge did instruct the jury that for the state to prove that Decker committed burglary, the jury must find that “at the time of entering or remaining unlawfully, David Decker had the intent to commit the crime of assault therein.”[1] Because *524 this jury instruction clearly and correctly addressed the intent element of burglary under Oregon law, Decker’s 1(C) claim that his trial counsel was constitutionally ineffective for failing to request a jury instruction explaining that requirement is not supported by the record.
I respectfully dissent from the majority’s remand of claim 1(C).

. Although the respondent-appellant did not include these jury instructions in his excerpts of record, the instructions appear in the transcript of Decker’s state-court trial, which was *524 entered in the district court's docket. Thus, the instructions are part of the appellate record, and we may rely on them to decide this appeal. See Ninth Circuit Rule 10-2 ("[T]he complete record on appeal [includes the] original pleadings, exhibits and other papers filed with the district court.”); cf. Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir. 1985) (explaining that "we have discretion to address” issues not raised in the district court where "the pertinent record has been fully developed”).